IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
DIVISION

MERCHANTS BONDING COMPANY,    }
                              }
    Plaintiff,                 }
                              }         CIVIL ACTION NO.
v.                            }         04-AR-3203-S
                              }
SAMUEL R. HARRIS, et al.,     }
                              }
    Defendants.               }

**MEMORANDUM OPINION**

On March 14, 2006, Chief Magistrate Judge Paul W. Greene filed findings in the above-entitled case, together with a recommendation that the motion for summary judgment filed by plaintiff, Merchants Bonding Company ("Merchants"), be granted in part and denied in part. Defendants, Samuel R. Harris and Catherine M. Harris ("the Harrises"), have filed timely objections. The objections are not aimed at matters in Judge Greene's report that have called for slight editing. The findings and recommendations as edited are attached hereto as "Exhibit A". Not only has the court independently reviewed the file, including the motion for summary judgment, evidentiary materials and briefs in support of and in opposition to plaintiff's motion, but has considered the Harrises' objections to the magistrate judge's recommendation. This court's consideration of plaintiff's motion for summary judgment is *de novo*.

No appearance has ever been filed by defendant, SRD, Inc., apparently because it went out of business without assets.

Merchants has not pursued it and has thus abandoned its claim against it. Accordingly, the action as against SRD, Inc. will be dismissed without prejudice for want of prosecution.

The first objection presented by the Harrises to the recommendation that summary judgment be granted in favor of Merchants is based on the fact that the letter of December 3, 1999, refers to a "paragraph 20" in an agreement that does not contain a paragraph 20. This argument is a real stretch, because the operative document is the General Agreement of Indemnity in which the Harrises clearly and equivocally agree that in the event they request a release, as indemnitors, the release, if granted by Merchants, will not be effective until 30 days after the receipt by Merchants of the request. All of the bonds at issue were not only approved, but were actually issued before the Harrises requested a release. The 30 day period became academic.

The Harrises' second objection is that any determination of the sum due to reimburse Merchant's expenses requires of Merchants an "itemized statement". In resisting summary judgment before the magistrate judge, the Harrises did not challenge the affidavit upon which the magistrate judge relied for reaching his figure. That uncontradicted affidavit came from a corporate officer of Merchants, using its business records that were never disputed. When the affidavit went unchallenged, it provided all of the evidence needed for establishing the figure of $78,892.01.

Although the Harrises did not submit in defense of Merchants's motion for summary judgment, the *pro tanto* settlement agreement of August 10, 2006, between Merchants and Danny M.R. Speigner and Debra M. Speigner, and the magistrate judge therefore had no obligation to recognize it as an affect, the court will allow the belated presentation of the *pro tanto* settlement agreement (because the consideration by this court is *de novo*) as an offset and will reduce the amount of the $78,892.01 judgment suggested by the magistrate judge against the Harrises by the amount of the $5,000 paid by others.

The final objection by the Harrises is to the recommendation that they be required to collateralize their indemnity of potential claims in the sum of $500,000 as estimated by Merchants. The Harrises are correct to point out that Merchants has only reserved $285,000 as against the one claim on which a lawsuit is pending. What the Harrises do not say, however, is that there are two other claims that may or may not result in litigation, and the Harrises cannot deny that Merchants has a contractual right to be reasonably collateralized to back up claims which the Harrises have indemnified. The General Agreement of Indemnity specifically obligates the Harrises to collateralize all possible bond claims indemnified by them, not just pending suits.

To the extent of the foregoing, the Harrises' objections are GRANTED. In all other respects, the objections are OVERRULED. As

amended, the findings and recommendation of the magistrate judge are hereby ADOPTED by the court.  An appropriate separate final judgment will be entered.

DONE this 4th day of April, 2006.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE